IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
JOHN C. MOORE, JR.,

                              Petitioner,

                  -vs-

JAMES HAVILAND, Warden

                             Respondent.
------------------------------------------------------

CASE NO. 1:04 CV 0242

<u>ORDER DENYING PETITIONER'S
MOTION FOR RELEASE</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On 28 February 2007, this Court issued an order granting petitioner John C. Moore, Jr. a conditional writ of habeas corpus on the basis of the state's denial of his Sixth Amendment right to self-representation. (Docket No. 36). The Court's order vacated Mr. Moore's conviction in <u>State of Ohio v. John Moore, Jr.</u>, Cuyahoga County Court of Common Pleas No. 392440,[1] and ordered the state to release the petitioner from custody or commence a new trial against him within 120 days after this Court's judgment becomes final. <u>Id.</u> On 21 March 2007, respondent James Haviland, Warden, appealed this Court's decision to the Sixth Circuit. (Docket No. 38). The appeal is currently pending.

      Mr. Moore filed a motion, pursuant to Federal Rule of Appellate Procedure 23(c), for release on personal recognizance pending review of the state's appeal. (Docket No.

---

[1] Mr. Moore was convicted by a jury for aggravated robbery and two counts of kidnaping stemming from a robbery at the Hard Rock Cafe in Cleveland, Ohio. The trial court imposed maximum and consecutive sentences totaling 33 years.

41). The state filed a brief in opposition. (Docket No. 43). For the reasons that follow, the petitioner's motion will be denied.

Appellate Rule 23(c) provides:

> While the decision ordering the release of a prisoner is under review, the prisoner must - unless the court or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court orders otherwise - be released on personal recognizance, with or without surety.

Although Rule 23(c) creates a presumption of release from custody in habeas cases, such a presumption may be overcome if the district court judge orders the petitioner to remain in custody. Hilton v. Braunskill, 481 U.S. 770, 774 (1987).

In deciding whether to release a habeas petitioner from custody pursuant to Rule 23(c), Hilton directs district courts to consider the traditional factors governing a court's decision to stay a civil judgment:[2] (1) the likelihood of the state's success on the merits; (2) whether the state will be irreparably harmed if the habeas petitioner is released; (3) whether a denial of the petitioner's motion for release from custody would substantially injure other parties interested in the proceedings; and (4) the best interest of the public. See Workman v. Tate, 958 F.2d 164, 166 (6th Cir. 1992). Hilton cautions that such a decision should not be reduced solely to "a set of rigid rules," and advises courts to also take into consideration the habeas petitioner's risk of flight and risk of danger to the public if released, as well as the state's interest to continue custody and rehabilitation pending a final appellate decision. Hilton, 481 U.S. at 777.

In Mr. Moore's case, neither party has made an argument with respect to the first

---

[2] "This practice reflects the common-sense notion that a court's denial of enlargement to a successful habeas petitioner pending review of the order granting habeas relief has the same effect as the court's issuance of a stay of that order." Hilton, 481 U.S. at 775-776.

2

factor regarding the state's likelihood of success on the merits, although the Court acknowledges the appeal presents a substantial question of constitutional law to the Sixth Circuit. With respect to the second factor, the state maintains it has an interest in continuing custody and rehabilitation pending a final determination of this matter. Hilton offers guidance on this argument, stating that this line of reasoning "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Id. In Mr. Moore's case, he has approximately 26 years left on a 33 year sentence. Accordingly, the Court agrees that the state has a strong interest in continuing custody and rehabilitation.

The third factor questions whether Mr. Moore would be substantially injured if his motion for release is denied. The Court recognizes that should the Sixth Circuit affirm this Court's decision to grant the petitioner's writ, Mr. Moore will have served time for a conviction obtained unconstitutionally, or, stated differently, would have suffered an "unconstitutional loss of his liberty." See Sims v. Berghuis, 2007 WL 1806443, *2 (E.D. Mich, June 22, 2007). However, as both parties have pointed out, Mr. Moore is also imprisoned on six unrelated state cases, Cuyahoga County Court of Common Pleas Case Nos. 394297, 392044, 398020, 400978, 400093, and 401325. (See Docket Nos. 41, 43). Mr. Moore was sentenced to eight years for the first five cases, to be served concurrently to the 33 year sentence he received in the case that is the subject of his habeas petition, plus an additional five years for Case No. 401325, to be served consecutively to the 33 year sentence.[3] Thus, even if this Court granted Mr. Moore's

---

[3] Mr. Moore submitted a motion to this Court to correct the sentences imposed for these six cases that are unrelated to the underlying case that was the subject of Mr. Moore's habeas petition. (Docket No. 44). In support of his motion, Mr. Moore submitted the

3

motion for release, he would not be released from incarceration as he would continue to serve time for his convictions in the cases identified above.

With respect to the fourth factor considering the public interest, the Court notes that, even aside from the charges in his underlying state case that is the subject of the habeas petition, Mr. Moore's background demonstrates a propensity for criminal and violent conduct.  Mr. Moore pled guilty in Cuyahoga County to charges of felonious assault, aggravated robbery, kidnaping, assault, and possession of drugs, the charges for which he is currently serving an eight-year concurrent sentence and a five-year consecutive sentence.  This criminal background militates against releasing Mr. Moore from prison during the pendency of the appeal, as he poses a danger to the public.

Having weighed the parties arguments and all of the considerations outlined in Hilton, this Court concludes that Mr. Moore should remain in custody pending the outcome of the state's appeal of this Court's decision to conditionally grant Mr. Moore's habeas petition.  Mr. Moore's motion for release pursuant to Appellate Rule 23(c) is therefore denied.

IT IS SO ORDERED.

                      /s/ Lesley Wells
                     UNITED STATES DISTRICT JUDGE

Date:  14 December 2007

---

transcript from the sentencing hearing for these cases and a brief arguing that the state judge sentenced him to a term longer than that agreed to by the defendant and the state in reaching a plea agreement. Id.  Because these cases were not brought to this Court in Mr. Moore's petition for a writ of habeas corpus, the Court is without jurisdiction to address this matter.

4