IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------- :
JOHN MOORE, JR., : CASE NO. 1:04 CV 0242
:
Petitioner, :
: MEMORANDUM OF OPINION AND
-vs- : ORDER GRANTING
: RESPONDENT'S MOTION TO
: STAY WRIT PENDING APPEAL
JAMES HAVILAND, Warden, :
:
Respondent. :
------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 28 February 2007, this Court entered an Order conditionally granting the petition for a writ of habeas corpus under 28 U.S.C. § 2254, vacating Petitioner John Moore's ("Mr. Moore" or "Petitioner") conviction in State of Ohio v. John Moore, Jr., Cuyahoga County Court of Common Pleas No. 392440,[1] and directing the Respondent

---

[1] On 18 September 2000, a jury convicted Mr. Moore of one count of aggravated robbery, in violation of O.R.C. 2911.01, two counts of kidnaping in violation of O.R.C. 2905.01, and one count of having a weapon under a disability, in violation of O.R.C. 2923.13, stemming from a robbery at the Hard Rock Cafe in Cleveland, Ohio. The Cuyahoga County Court of Common Pleas sentenced the Petitioner to 33 years, representing consecutive ten year terms for each of his convictions, and to a consecutive three year term for the firearm specification. (Docs. 1, 16).

to release the Petitioner unless the State of Ohio commenced a new trial "within 120 days after this judgment becomes final." (Docs. 36, 37). Mr. Moore sought release pending review of the Court's decision by the Sixth Circuit Court of Appeals, which this Court denied on 14 December 2007, pursuant to the standards laid down in Hilton v. Braunskill, 481 U.S. 770, 775 (1987) and Workman v. Tate, 958 F.2d 164, 166 (6th Cir. 1992). (Doc. 46). On 31 December 2008, the Sixth Circuit Court of Appeals issued the Mandate of its Opinion affirming this Court's conditional writ of habeas corpus on the basis of the state's denial of the Petitioner's Sixth Amendment right to self-representation. See Moore v. Haviland, 531 F.3d 393 (6th Cir. 2008) (Docs. 47, 48).

Now before the Court is the Respondent's request to stay the execution of the conditional writ pending appeal to the United States Supreme Court. (Doc. 49). The Supreme Court granted the State of Ohio's petition for an enlargement of time to submit a petition for writ of certiorari; the state's pleadings are due 18 May 2009. The Petitioner opposes the motion to stay pending appeal (Doc. 50), and the state has replied to the Petitioner's objections. (Doc. 51). For the reasons that follow, the Respondent's request will be granted.

As in its previous Order of 14 December 2007, the Court must balance the following factors in determining whether to grant the Respondent's request for a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

2

Hilton v. Braunskill, 481 U.S. at 776; Workman v. Tate, 958 F.2d at 166. These four factors militate in favor of staying execution of the conditional grant of the writ of habeas corpus pending final appellate review.

Respondent contends that he has made a strong showing of likely success on the merits because the United States Court of Appeals for the Sixth Circuit decided Moore v. Haviland differently from prior precedent laid down in Robards v. Rees, 789 F.2d 379, 381 (6th Cir. 1986), and United States v. Martin, 25 F.3d 293, 295-96 (6th Cir. 1994), and equally in conflict with decisions in other circuits.[2] While these cases bear on the question of whether Mr. Moore's request to proceed pro se was untimely, the Sixth Circuit's decision in Moore v. Haviland, turned on a finding that the state trial judge's "failure to make a ruling on a criminal defendant's unequivocal request to proceed pro se was objectively unreasonable in light of Faretta [v. California, 422 U.S. 806 (1975]." Moore, 531 f.3d at 403. Nevertheless, the Court is persuaded that the Respondent has demonstrated, at the least, a "substantial case on the merits," Hilton, 481 U.S. at 778.

Further, the Court agrees that the Respondent will suffer some injury absent a stay. Should this Court decide not to grant the State of Ohio a stay in this matter the Respondent must decide between retrying Mr. Moore prior to a decision from the United States Supreme Court, thus mooting this litigation, and forfeiting the right to retry the Petitioner. Finally, if the United States Supreme Court were to accept certiorari and

---

[2]Here the Respondent relies upon decisions in: United States v. Brown, 744 F.2d 905, 908 (2nd Cir. 2003; United States v. Majors, 328 F.3d 791, 794 (5th Cir. 2003); United States v. Oakey, 853 F.2d 551, 553 (7th Cir. 1988); United States v. Edelmann, 458 F.3d 791, 809 (8th Cir. 2006); United States v. Bennett, 539 F.2d 45, 50 (10th Cir. 1976); and, United States v. Young, 287 F.3d 1352, 1354-55 (11th Cir. 2002).

3

reverse this Court's decision, the State of Ohio would be spared the time and expense involved in retrying the matter.

Concomitantly, issuance of the stay will not substantially injure the Petitioner. Execution of the conditional writ of habeas corpus in this case will not necessarily result in Mr. Moore's release. As the record makes clear, Mr. Moore is also imprisoned on six unrelated state cases, Cuyahoga County Court of Common Pleas Case Nos. 394297, 392044, 398020, 400978, 400093, and 401325. (Docs. 41, 43). Mr. Moore was sentenced to eight years for the first five cases, to be served concurrently with the 33 year sentence he received in the case underlying his habeas petition, plus an additional five years for Case No. 401325, to be served consecutively to the 33 year sentence. Accordingly, a stay in this case will not necessarily delay petitioner's release from incarceration.

Finally, for reasons discussed above, the Court concludes that the public interest lies in staying execution of the writ of habeas corpus pending final appellate review. Mr. Moore's criminal history demonstrates a propensity for violent conduct and a general disrespect for the law. Mr. Moore pled guilty in Cuyahoga County to charges of felonious assault, aggravated robbery, kidnaping, assault, and possession of drugs, the charges for which he is currently serving an eight-year concurrent sentence and a five-year consecutive sentence. As such, the Petitioner's criminal background suggests a strong public interest in the State of Ohio's continued custody of Mr. Moore while the appellate process runs its timely course. Finally, by granting the request for a stay, the Respondent will be able to obtain final appellate review of this Court's conclusion that

4

the trial judge's failure to rule on Mr. Moore's unequivocal request to proceed pro se was objectively unreasonable under Faretta v. California.

Pursuant to the considerations laid down in Hilton v. Braunskill, this Court grants the Respondent State of Ohio's petition to stay execution of the conditional writ of habeas corpus pending the consideration of this matter on writ of certiorari before the United States Supreme Court.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE