IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
JOHN MOORE, JR.,                                     : CASE NO. 1:04 CV 0242
                                                     :
                              Petitioner,            :
                                                     : MEMORANDUM OF OPINION AND
              -vs-                                   : ORDER DENYING PETITIONER'S
                                                     : MOTION TO DISMISS
                                                     :
JAMES HAVILAND, Warden,                              :
                                                     :
                              Respondent.            :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 16 December 2009, John Moore ("Mr. Moore"), appearing *pro se*, filed a "Motion to Dismiss al Charges Due to Violations of Conditional Writ." (Doc. 61). In this instant petition, Mr. Moore asks the Court to "dismiss all pending charges and bar the state from re-prosecution" of Cuyahoga County Court of Common Pleas case number CR-392440, due to Respondent's request of a thirty-day extension of the 120 day term for release or retrial of Mr. Moore. (Doc. 36). The Warden filed a response contending the Court lacks jurisdiction in this instance where Mr. Moore faces post-release retrial, and further argues that the case does not involve the "extraordinary circumstances" necessary to allow an order to bar retrial. (Doc. 62).

The Warden has released Moore to Cuyahoga County for a new trial of the charges in case number CR-392440.  (Doc. 62).  Mr. Moore remains in custody pursuant to other convictions in the Cuyahoga County Common Pleas Court and the Lorain County Common Pleas Court.  (Doc. 18).  From the record it is clear that Mr. Moore received the relief his habeas petition called for, that his conviction in case CR-392440 would be vacated.  That relief does not prevent his post-release retrial.  Once the Warden has complied with the terms of the conditional writ, this Court has no basis for continued jurisdiction over the issue.  *See Eddelman v. McKee*, 586 F.3d 409 (6th Cir. 2009).

Assuming the Court did have jurisdiction to consider Mr. Moore's dismissal, the Sixth Circuit has explained that retrial can be barred only under extraordinary circumstances.  *See Saterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006). Those circumstances are not present in this instant matter as there has been no inexcusable or repeated delay, no malfeasance, and no prejudice toward Mr. Moore's defense caused by the thirty-day extension requested by the Respondent.

Accordingly, Mr. Moore's "Motion to Dismiss All Charges Due to Violations of Conditional Writ," is denied.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE